IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2003

## AMIN SHABAZZ v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-A-553    Seth Norman, Judge**

_____

### No. M2002-01302-CCA-R3-PC - Filed February 14, 2003

_____

Petitioner, Amin Shabazz, filed a petition for post-conviction relief attacking his conviction for sale of a controlled substance containing more than 0.5 grams of cocaine, following a plea of *nolo contendere* in the Davidson County Criminal Court. He received a ten-year sentence. The conviction occurred on August 27, 2001, and the petition for post-conviction relief was timely filed on April 22, 2002. The trial court dismissed the petition without appointing counsel, without allowing Petitioner to amend the petition, and without an evidentiary hearing. On appeal, the Petitioner asserts that the trial court erred by summarily dismissing the petition. The State agrees. Following a review of the record, we reverse the judgment of the trial court, and remand this case for an evidentiary hearing and for the post-conviction trial court to further allow Petitioner to receive all procedural rights granted to him pursuant to the Post-Conviction Relief Act.

**Tenn. R. App. P. 3, Appeal as of Right;**
**Judgment of the Post-Conviction Court is Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Amin Shabazz, Clifton, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Joe Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In his *pro se* petition for post-conviction relief, Petitioner alleges that he is entitled to relief because he received ineffective assistance of counsel leading up to his conviction which is the subject of the post-conviction petition. Specifically, Petitioner makes factual allegations in support of his assertion of ineffective assistance of counsel. Petitioner alleges that his counsel failed to conduct timely, reasonable, and adequate pre-trial investigation; failed to interview potential

witnesses; failed to secure known exculpatory evidence; failed to adequately consult with him prior to the *nolo contendere* plea; and failed to explain the ramifications of the plea agreement and the laws governing the criminal offense for which he was charged. The *pro se* petition also alleges other examples of ineffective assistance of counsel. The factual allegations are contained in approximately five and one-half typewritten pages in the petition for post-conviction relief.

The basis for the trial court's summary dismissal of the petition for post-conviction relief is not clear. After recognizing that the petition alleges ineffective assistance of counsel by "failing to investigate the case, failing to secure statements and exculpatory evidence, and failing to consult with and explain the ramifications of the plea agreement," the trial court's order dismissing the petition states as follows:

> Since the petitioner pled nolo contendere to the aforementioned offense, it is difficult to understand how counsel was ineffective in its representation of the petitioner. To succeed on a claim of ineffective assistance of counsel, a petitioner bears the burden of showing both that his counsel's performance was deficient and that this deficient performance prejudiced the outcome of the proceeding. *See Strickland*, 466 U.S. at 687. The petitioner, apparently satisfied with the plea agreement, accepted the settlement and sealed the deal. Petitioner's counsel negotiated with the prosecution and formulated such an arrangement, which is by no means an unreasonable offer. If the petitioner is attacking counsel's decision to work out the plea and advise that petitioner accept it, let it be known that "[i]t is not this Court's function to second-guess tactical and strategic decisions pertaining to defense matters." *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997).
>
> Petitioner has not shown that his counsel was so ineffective as to affect the result of this case.
>
> It is apparent that the petitioner knowingly and voluntarily entered the plea agreement, which would preclude the right to appeal. Upon petitioner's plea, the Court inquired as to petitioner's consent to the agreement and waiver of appeal, to which he responded in the affirmative.

Tennessee Code Annotated section 40-30-206 sets forth reasons for summarily dismissing a petition for post-conviction relief. None of these are applicable in the case sub judice. The reasons for dismissal relied upon by the post-conviction trial court are not included among the statutory reasons for dismissing a post-conviction petition without an evidentiary hearing.

In his petition, Petitioner included an affidavit of indigency and moved the court to appoint counsel to represent him, for leave to amend his petition for post-conviction relief, and for an evidentiary hearing.

The *pro se* petition filed in this case presents a "colorable claim." *See* Tenn. Sup. Ct. R. 28, § 2(H).  Accordingly, we are compelled to reverse the judgment of the post-conviction court and remand this case for an evidentiary hearing and for other proceedings pursuant to the Post-Conviction Relief Act, including, but not necessarily limited to, the investigation as to whether Petitioner is entitled to appointed counsel, the opportunity to amend the petition for post-conviction relief, and an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, the judgment of the post-conviction court is reversed and this case is remanded for proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, JUDGE